IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA MELIS, | |
|     Plaintiff, | |
|     v. | Case No. 25-cv-651 |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | Judge John J. Tharp, Jr. |
|     Defendants. | |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Anna Melis ("Plaintiff") against the defendants identified on Schedule A, and using the Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that Plaintiff has provided a basis to conclude that Defaulting Defendants have sold products bearing unauthorized copies of Plaintiff's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-404-405 (the "Melis Copyright").

This Court further finds that Defaulting Defendants are liable for willful copyright infringement (17 U.S.C. §§ 106 and 501, *et seq.*).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Melis Copyright in any manner without the express authorization of Plaintiff;

    b. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

        inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights, including the Melis Copyright, or any reproductions, counterfeit copies, or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Melis Copyright or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Melis Copyright.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods bearing unauthorized copies of the Melis Copyright.

4. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of $5,000 for willful copyright infringement of the

      Melis Copyright. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Anna Melis and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The $52,000 surety bond posted by Plaintiff is hereby released to Plaintiff or Plaintiff's counsel, Keith Vogt, Ltd., 33 W Jackson Blvd, #2W, Chicago, Illinois, 60604, plus any accrued interest. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or Plaintiff's counsel plus any accrued interest.

This is a Default Judgment.

Dated: March 17, 2025

John J. Tharp, Jr.
United States District Judge

# First Amended Schedule A

| No. | Defendants |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | MRSYVESS |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | SpuunaW Prime Day Deals Today 2024 |
| 11 | |
| 12 | Blackfive 2024 Halloween Super Deals Yqidabfa |
| 13 | |
| 14 | aDJFDGT |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | SZXZYGS |
| 20 | PMUYBHF |
| 21 | |
| 22 | VBARHMQRT |
| 23 | |
| 24 | LRJTENG |
| 25 | Yanxing |
| 26 | neuxse |
| 27 | |
| 28 | Yoland |
| 29 | |
| 30 | |
| 31 | YUongEN |
| 32 | |
| 33 | Pangyali |
| 34 | |
| 35 | Fashion Trend Clothing |
| 36 | Chenyuanyuan |
| 37 | |
| 38 | liHEUXA |
| 39 | |
| 40 | ZengYing |

| 41 | ZHICENG |
| --- | --- |
| 42 | █████████ |
| 43 | Daochuxuangongsi |
| 44 | WHBWTQRSAPK |
| 45 | █████████ |
| 46 | █████████ |
| 47 | █████████ |
| 48 | HGEJMI |
| 49 | DGSYUQF |
| 50 | gehgaik |
| 51 | Juaxvau |
| 52 | yigeyi |